## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| K.B. by and through his parent, S.B., and S.B. individually and on her own behalf, all of Middletown Delaware,<br><br>Plaintiffs,<br><br>v.<br><br>Appoquinimink School District and Christina School District,<br><br>Defendants. | C.A. No. 1:26-cv-00316 RGA<br><br>Jury Trial Demanded |

## <u>BRIEF IN SUPPORT OF DEFENDANT, CHRISTINA SCHOOL DISTRICT'S PARTIAL MOTION TO DISMISS</u>

**MARSHALL DENNEHEY, P.C.**

*/s/ Eric Scott Thompson*
Eric Scott Thompson, Esquire
(DE Bar ID 4633)
1 Righter Parkway, Suite 301
Wilmington, DE 19803
Telephone:  (302) 552-4035
Email:  esthompson@mdwcg.com
*Attorney for Defendant, Christina School District*

Maureen P. Fitzgerald, Esquire*
**MARSHALL DENNEHEY, P.C.**
620 Freedom Business Center Suite 405
King of Prussia, PA 19406
E:  mpfitzgerald@mdwcg.com
*Admitted Pro Hac Vice*

DATE:  June 15, 2026

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES                                                                    i

I.  STATEMENT OF NATURE AND STAGE OF PROCEEDINGS                                        1

II.  SUMMARY OF ARGUMENT                                                                1

III. STATEMENT OF FACTS                                                                 2

IV. ARGUMENT                                                                            4

    A.  FRCP 12(b)(6) Standard                                                         4

    B.  Plaintiff's §1983 Claim for "Enforcement of the ADA" Fails as a Matter of Law                                                                         5

    C.  Plaintiff's §1983 Claim for "Enforcement of the Equal Protection Clause of the Fourteenth Amendment" Fails as a Matter of Law                         6

    D.  Plaintiff's §1983 Claim for Substantive Due Process Violations Under the 14th Amendment for Unlawful Corporal Punishment Fails as a Matter of Law                                                                         8

    E.  Plaintiff's Claim for Breach of Fiduciary Duty Fails as a Matter of Law          11

    F.  Plaintiff's S.B.'s Claim for Loss of Consortium Fails as a Matter of Law          12

CONCLUSION                                                                             13

ii

## TABLE OF AUTHORITIES

**Cases:**

*Abeyta By & Through Martinez v. Chama Valley Indep. Sch. Dist.*, 77 F.3d 1253, 1254
  (10th Cir. 1996) ............................................................................................................ 10

*Amanda Zicherman, v. University of Delaware, et al.*, 2025 WL 71978, at *6 (D. Del. 2025)...... 5

*Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ................................................................. 4

*Beck v. Claymont Sch. Dist.*, 1983 Del. Super. LEXIS 741, *2-3 (Del. Super. 1976) .................. 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 4

*Beyers v. Bd. of Educ. of Capital Sch. Dist.*, 2011 Del. Super. LEXIS 1273, *16-18
  (Del. Super. 2011) ....................................................................................................... 11

*Bostic v. Smyrna Sch. Dist.*, 2003 U.S. Dist. LEXIS 3458, *21-23 (D.Del. Feb. 24, 2003) ......... 13

*Evancho v. Fisher*, 423 F.3d 347, 351 (3d. Cir. 2005) ...................................................... 5

*Hall v. Tawney*, 621 F.2d 607, 613 (4th Cir. 1980) .......................................................... 8

*Health and Hospital Corporation of Marion Cnty. v. Talevski*, 599 U.S. 166, 171 (2023)............ 5

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)........................................................... 4

*Jones v. Witinski*, 931 F. Supp. 364, 366, 1996 U.S. Dist. LEXIS 9050, *7 (M.D. PA 1996) ........ 8

*Keeling v. Lake Cnty.*, 2024 WL 197210, at *6 (N.D. Ill. 2024)............................................. 5

*Kuhar v. Greensburg—Salem Sch. Dist.*, 616 F.2d 676, 677 n. 1 (3d Cir. 1980))......................... 6

*Metzger v. Osbeck*, 841 F.2d 518, 520-521 (3d Cir. 1988) ................................................... 8

*Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) ........................................................... 4

*Odom v. Erie Ins. Exchange*, 2008 WL 5188828, *1 (W.D. Pa. 2008)......................................... 4

*Puccinelli v. S. Conn. State Univ.*, 2023 WL 4838291, at *14 (D. Conn. 2023) ........................... 5

*Shoemaker v. City of Lock Haven*, 906 F. Supp. 230, 238 (M.D. Pa. 1995) ................................ 6

*Shuman ex rel. Shertzer v. Penn Manor School District*, 422 F.3d 141, 151 (3d Cir. 2005) ......... 6

i

*Smith v. Guilford Bd. of Educ., 226 F. App'x 58, 61-62 (2d Cir. 2007)* ...................................... 10

*Smith v. Kalamazoo Pub. Sch., 703 F. Supp. 3d 822, 830 (W.D. Mich. 2023)* .............................. 5

*Spann v. N.M. Bd. of Bar Exam'rs, 2023 WL 4132681, at \*21 (D.N.M. 2023)* .............................. 5

*Sutherlin v. Indep. Sch. Dist. No. 40 of Nowata Cnty., Okla., 960 F. Supp. 2d 1254, 1262 (N.D. Okla. 2013)* ...................................................................................................... 10

*Wheeler v. Drummond, 1990 Del. Super. LEXIS 136, \*4-5 (Del. Super. 1990)* ........................... 13

*Willauer v. Chester Cnty. Intermediate Unit, 2025 U.S. Dist. LEXIS 158164 \*13-14 (E.D. Pa. Aug. 14, 2025)* ................................................................................................ 6

*Williams v. Pennsylvania Human Relations Commission, 870 F.3d 294, 297 (3d. Cir. 2017)* ...... 6

**Statutes:**

42 U.S.C. §1983 ....................................................................................................... 1, 2

**Rules:**

*Fed. R. Civ. P. 12(b)(6)* ............................................................................................ 4

I.      **STATEMENT OF NATURE AND STAGE OF PROCEEDINGS**

On March 23, 2026, Plaintiff K.B. by and through his parent, S.B., and Plaintiff S.B., individually and on her own behalf, filed the instant lawsuit against co-defendant Appoquinimink School District and against Christina School District ("Defendant").  Plaintiffs' claims relate to alleged events that occurred during the 2023-2024 school year, when K.B. was a student attending the Brennan School.  The Complaint asserts eleven counts with alleged claims under both Delaware and federal law, including claims for violations of 42 U.S.C. §1983's purported Enforcement of the ADA (Count III); 42 U.S.C. §1983 Enforcement of the Equal Protection Clause of the Fourteenth Amendment (Count IV); 42 U.S.C. §1983 Violation of Substantive Due Process Clause of the Fourteenth Amendment for Corporal Punishment (Count V); Breach of Fiduciary Duty (Count VIII); and Loss of Consortium (Count XI).  Following acceptance of service, Defendant timely responds and now seeks to dismiss five the the eleven claims in the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II.     **SUMMARY OF ARGUMENT**

1. Plaintiff's claim in Count III pursuant to 42 U.S.C. §1983 for Enforcement of the ADA fails as a matter of law.  Section 1983 is not available as a claim to remedy alleged violations of rights protected by the ADA.

2. Plaintiff's claim in Count IV pursuant to 42 U.S.C. §1983 for Enforcement of the Equal Protection Clause of the Fourteenth Amendment fails as K.B. attended a school exclusively for disabled students and fails to allege the requisite requirement that Defendant treated non-disabled students differently or discriminated against K.B. because he was disabled.

1

3. Plaintiff's claim in Count V pursuant to 42 U.S.C. §1983 for Substantive Due Process violations of the Fourteenth Amendment by use of unlawful corporal punishment fails as there are no facts averred indicating any use of corporal punishment, let alone any facts indicated such use was explicitly intended to harm K.B.

4. Plaintiff's claim in Count VIII for breach of fiduciary duty fails as a matter of law as a school is not a fiduciary towards its students under Delaware law.

5. Plaintiff S.B.'s claim in Count IX for loss of K.B.'s consortium fails as a matter of law as a parent cannot recover for loss of a child's consortium under Delaware law.

## III.    STATEMENT OF FACTS

Plaintiff K.B. ("K.B".) is a minor student with educational disabilities of Intellectual Disability and Autism, and is also nonverbal with impaired expressive and receptive language functioning.  (D.I. 1, Complaint, ¶¶ 2, 5).  K.B. resides within the Appoquinimink School District.  (Complaint, ¶11).  Defendant Christina School District operates and staffs the Brennen School ("Brennan"), a public school for children with Autism located in Newark, DE. (Complaint, ¶13).  K.B. attended Brennan from pre-kindergarten up through the 2023-2024 school year.  (Complaint, ¶ 56).  The alleged incidents in the Complaint pertain to the 2023-2024 school year whereby Plaintiffs allege that K.B. was negligently supervised and abused during the school day at Brennan and when transported home from Brennan.  (Complaint, ¶ 71).

Plaintiffs allege that S.B. raised concerns to specific school administrators repeatedly as to K.B.'s safety.  (Complaint, ¶ 58).  Plaintiffs aver that Defendant was aware of K.B.'s significant health and safety issues and the fact that he required a high degree of supervision and training for those working with him.  (Complaint, ¶ 61).  In particular, along with his Intellectual

2

Disability, Autism and impaired communication, K.B. had a history of engaging in darting-type behaviors, temper tantrums, wiggling out of seatbelts or restraints during transportation, and self-gagging or choking. (Complaint, ¶¶ 62-63, 65-67).

Plaintiffs allege that S.B. reported instances to Defendant when K.B. had come home from school with unexplained bruises, scratches or tears in his clothing. (Complaint, ¶ 74). There is no averment as to the response or explanation S.B. received from Defendant. Plaintiffs allege that personnel from Hybridge Learning Group ("Hybridge"), a non-party who provided after-school care to K.B and met him when he got off the school bus, noted multiple occasions whereby K.B. displayed indications of alleged abuse and/or neglect. (Complaint, ¶¶ 6, 72). Specifically, on September 28, 2023, Hybridge allegedly observed K.B. with a red spot on his nose. (Complaint, ¶ 77). The Complaint is silent as to the explanation provided by Defendant. On October 3, 2023, April 16, 2024, April 17, 2024 and June 10, 2024, Hybridge observed K.B. getting off the bus with a wet diaper. (Complaint, ¶¶ 78, 83-84, 88). On May 20, 2024 and June 6, 2024, Hybridge allegedly observed K.B. getting off the bus after having vomited on himself. (Complaint, ¶¶ 86-87). On March 26, 2024, Hybridge observed K.B. getting off the bus without any socks, shoes, pants or a diaper, and covered in feces. (Complaint, ¶¶ 81-82).

Plaintiffs alleged that on March 5, 2024, K.B. was seen in the nurse's office at Brennan and noted to have a "wet spot on his sweatshirt/jeans" but was thereafter sent back to class after being treated by the nurse and refused to eat. (Complaint, ¶ 80). On an unspecified date, K.B. was allegedly kicked in the head while on the bus, but Defendant did not notify S.B. until several days later. (Complaint, ¶ 94). K.B. also consistently engaged in unsafe behaviors such as self-gagging, elopement/darting, wiggling out of his seatbelt and overstuffing his mouth with food. (Complaint, ¶ 89). S.B, withdrew K.B. from Brennan at the end of the 2023-2024 school

3

year in order to to homeschool him for the 2024-2025 school year, where he has made progress in this homeschool program.  (Complaint, ¶¶ 96-98).

## IV.    ARGUMENT

### A.  FRCP 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint for failure to state a claim upon which relief may be granted. *Fed. R. Civ. P. 12(b)(6)*. The purpose of a 12(b)(6) motion is to test the legal sufficiency of the complaint and to "streamline litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)*.  Therefore, when it appears from the face of the pleading that a plaintiff can prove no set of facts that would entitle him to relief, the court must dismiss plaintiff's claims. *See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)*.

Further, a complaint may be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *See Odom v. Erie Ins. Exchange*, 2008 WL 5188828,  *1 (W.D. Pa. 2008)*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (stating that the decision in *Twombly* "expound[s] the pleading standard for 'all civil actions'). Indeed, the United States Supreme Court has unequivocally determined that the pleading standard under Federal Rule of Civil Procedure 8 demands more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, *556 U.S. at 678*. Moreover, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, *citing Twombly*, *at 557*; *see also*

*Evancho v. Fisher*, 423 F.3d 347, 351 (3d. Cir. 2005) (stating that "a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss").

**B.  Plaintiff's §1983 Claim for "Enforcement of the ADA" Fails as a Matter of Law**

Count III of Plaintiffs' Complaint asserts a Section 1983 claim for "enforcement of the ADA."  Specifically, Plaintiffs allege that because they are private citizens, they purportedly can seek relief under Section 1983 to enforce the ADA because the ADA does not have an exhaustion requirement nor an elaborate enforcement scheme.  (Complaint, ¶134).  In support of this novel theory of liability, Plaintiffs cite to *Health and Hospital Corporation of Marion Cnty. v. Talevski*, 599 U.S. 166, 171 (2023).  (See Complaint, ¶¶37, 40, 134).  *Talevski* permitted a Section 1983 claim to enforce the Federal Nursing Home Reform Act – but did not permit the use of Section 1983 to enforce the ADA.  This is not surprising since one would generally use the ADA to enforce the ADA.  More importantly, this exact argument has been proffered by Plaintiffs' counsel and has been rejected time and time again, including by this Court.  Indeed, in *Amanda Zicherman, v. University of Delaware, et al.*, 2025 WL 71978, at *6 (D. Del. 2025), this Court rejected Plaintiffs' theory, noting that:

> *Talevski* does not purport to change the § 1983 standard, nor does it rely on authority that was unavailable to the Third Circuit in *Williams*, nor does it pertain to the ADA.  Furthermore, courts to have considered § 1983's application to the ADA post-*Talevski* have concluded that § 1983 remains unavailable for vindicating ADA rights.

*Amanda Zicherman, v. University of Delaware, et al.*, 2025 WL 71978, at *6 (D. Del. Jan. 10, 2025)*, (referring to *Keeling v. Lake Cnty.*, 2024 WL 197210, at *6 (N.D. Ill. 2024)*; *Spann v. N.M. Bd. of Bar Exam'rs*, 2023 WL 4132681, at *21 (D.N.M. 2023)*; *Smith v. Kalamazoo Pub. Sch.*, 703 F. Supp. 3d 822, 830 (W.D. Mich. 2023)*; *Puccinelli v. S. Conn. State Univ.*, 2023 WL 4838291, at *14 (D. Conn. 2023)*; *see also Williams v. Pennsylvania Human Relations*

5

*Commission,* 870 F.3d 294, 297 (3d. Cir. 2017) (stating that "[w]e, however, in line with every circuit to address the issue, hold that plaintiffs may not seek damages under § 1983 for stand-alone violations of either Title VII or the ADA").  More recently, in *Willauer v. Chester Cnty. Intermediate Unit*, 2025 U.S. Dist. LEXIS 158164 *13-14 (E.D. Pa. Aug. 14, 2025), the court acknowledged the holding in *Zicherman*, as well as similar holdings by other courts, and reiterated that Section 1983 remains unavailable post-*Talevski* for vindicating ADA rights, thereby dismissing a plaintiff's Section 1983 ADA claim with prejudice.   Thus, as a matter of law, Plaintiff's claim for a Section 1983 Enforcement of the ADA fails as a matter of law.

**C.  Plaintiff's §1983 Claim for "Enforcement of the Equal Protection Clause of the Fourteenth Amendment" Fails as a Matter of Law**

In Count IV, Plaintiff alleges that his rights under the 14th Amendment's Equal Protection Clause were violated because Defendant intentionally discriminated against K.B. due to his disability by purportedly failing to treat K.B. in the same manner in which it treated his non-disabled comparators. (Complaint, ¶145).

To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a "state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Shoemaker v. City of Lock Haven*, 906 F. Supp. 230, 238 (M.D. Pa. 1995); accord *Shuman ex rel. Shertzer v. Penn Manor School District*, 422 F.3d 141, 151 (3d Cir. 2005) ("In order to bring a successful section 1983 claim for the denial of equal protection, plaintiffs must prove the existence of purposeful discrimination."). In other words, a plaintiff must demonstrate that he received different treatment from that received by other individuals similarly situated. *Id*., citing *Kuhar v. Greensburg—Salem Sch. Dist., 616 F.2d 676, 677 n. 1 (3d Cir. 1980)*).

Thus, to prove a denial of equal protection based upon disability-based discrimination, Plaintiff must show that the identified disparate treatment was based upon his disability and that

similarly situated comparators were treated differently.  In that regard, Plaintiff's claim as against Defendant fails.  The Complaint alleges that Defendant staffed and operated Brennan, where K.B. attended during the period at issue.  Defendant is not alleged to be the entity responsible for placing K.B. at Brennan, nor alleged to be the residential school district where K.B. resided among his non-disabled peers. (Complaint, ¶¶11-12, 15).  Rather, Defendant is alleged to have operated and staffed Brennan – which is a school exclusively for disabled students with Autism – and to have transported these disabled children home by bus.  Non-disabled children do not attend Brennan.  Hence, while he attended Brennan, K.B. was only with other disabled students.  Plaintiff's allegations against Defendant pertain to how it allegedly treated K.B. at Brennan or when he was transported from Brennan alongside other disabled Brennan students.  There are no averments in the Complaint – nor could there be – that Defendant treated non-disabled Brennan students more favorably than K.B., because every Brennan student is similarly disabled like K.B..  Thus, Plaintiffs cannot make out an equal protection claim against Defendant on the basis that it intentionally discriminated against him by treating non-disabled comparators at Brennan more favorably than how it treated K.B.

To wit, Plaintiff alleges at paragraph 144 of the Complaint, that Defendant's policies were unlawful because it failed to appropriately hire, train and supervise staff who worked with K.B. at Brennan or who transported him home from Brennan.  All of the staff at issue worked with Brennan students, all of whom were disabled just like K.B.  Not a single allegation points to the manner in which non-disabled comparators were treated more favorably, or even how other disabled students were treated inappropriately.  Neither do these allegations adhere to pleading requirements of *Twombly, Iqbal,* and the decisional law set forth above.  Plaintiff has failed to show disparate treatment with comparators as required in order to state a claim for unequal

protection of the laws of the United States upon which relief can be granted.  Stated differently,

Plaintiff has failed to allege facts that ostensibly show that Defendant treated non-disabled

students at Brennan more favorably them K.B. under the same or similar circumstances.  For

these reasons, Count IV should be dismissed for failure to state a claim.

### D.  Plaintiff's §1983 Claim for Substantive Due Process Violations Under the 14th Amendment for Unlawful Corporal Punishment Fails as a Matter of Law

In Count V, Plaintiff alleges that his rights under the 14th Amendment were violated as he

was purportedly subjected to actions by Defendants consisting of verbal, physical and

psychological abuse for a period of months, which allegedly constitutes corporal punishment.

(Complaint, ¶153).

The Third Circuit has held that a student's substantive due process rights are violated by

disciplinary corporal punishment if the force applied "exceeded the degree of force needed to

correct. . . [the student's] alleged breach of discipline and. . .the substantial injuries sustained by.

. . [the student] served no legitimate disciplinary purpose." *Metzger v. Osbeck, 841 F.2d 518,*

*520-521 (3d Cir. 1988).*   If the teacher or school official acted "with the intent" of causing harm

to the student, he or she is "subject to liability for crossing the 'constitutional line' separating a

common law tort from a deprivation of a substantive due process." *Id*. Whether constitutional

rights are implicated depends upon the degree of force used, the injury, if any, sustained, and the

methods employed. *Jones v. Witinski, 931 F. Supp. 364, 366, 1996 U.S. Dist. LEXIS 9050, *7*

*(M.D. PA 1996), citing* Hall v. Tawney, *621 F.2d 607, 613 (4th Cir. 1980).*

Here, the Complaint does not allege that K.B. was ever subjected to corporal punishment

as a form a discipline. There is no allegation that Defendant ever disciplined K.B. at all, let alone

used any form of corporal punishment to do so.  While there are averments that K.B. had a mark

on his nose or came home with bruises or a tear in his clothing, there are no averments that any

8

such bruises, tears or marks were caused by Defendant, let alone through the use of corporal punishment. There are no averments in the Complaint as to any purported verbal actions by Defendant as to any "conscience-shocking" statements purportedly made to K.B. What is alleged are a series of averments suggesting purported neglect in the form of K.B. – who wore diapers – specifically when getting off the bus after school. Specifically, the Complaint cites to four occasions (over the course of a 180 day school year) where K.B. had a wet diaper when he got off the bus after school. But there is no averment that K.B. got onto the bus with a wet diaper or that Defendant failed to attempt to get K.B. to use the toilet at the end of the school day. The Complaint cites to two incidents when K.B. got off the bus at the end of the day after having vomited on himself. There is no allegation that he was put on the bus with vomit and the Complaint acknowledges that K.B. at times, engaged in self-gagging behavior. Lastly, there is an averment as to one occasion whereby K.B. soiled himself on the bus ride home and was covered with feces such that his clothing below his waist had to be removed before he got off the bus. There is no averment that K.B. was ever put on the bus with a soiled diaper or that Defendant had failed to attempt to have K.B. use the bathroom at the end of the school day.

While Defendant does not seek to minimize these incidents, they simply do not rise to the level of conscience shocking behavior for a disabled child who was incontinent. Over the course of the entire school year, the Complaint cites to approximately six out of 180 days within a school year where K.B. had a wet or soiled diaper. Again, there is no allegation that K.B. was ever put onto the bus with a wet or soiled diaper – only that he got off the bus with one and thereby had an accident on the ride home. In the same regard, while the Complaint alleges occasions when K.B. had a red mark on his nose, or had bruises or a tear in his clothing, there is no facts plead to indicate that any of those physical marks were ever inflicted by Defendant – let

9

alone inflicted by Defendant with the explicit intent to harm K.B.  Similarly, while there are averments that K.B. had issues eating food or had vomited, the fact remains that he had self-gagging tendencies and oral difficulties.  There are no facts plead to suggest that Defendant ever took any action that forced such vomiting or gagging, let alone did so with a specific intent to cause harm to K.B.  In short, the facts alleged simply do not rise to the level of conscience shocking behavior and are consistent with cases whereby courts have dismissed similar claims for substantive due process violations.  See e.g., _Smith v. Guilford Bd. of Educ._, 226 F. App'x 58, 61-62 (2d Cir. 2007) (affirming judgment on pleadings as allegations that school condoned and permitted classmates to bully and harass "persistently" a ninth grader who was "4'7" tall and weighed approximately 75 pounds" and "suffered from Attention Deficit Hyperactivity Disorder"—although "highly unfortunate"—was not "so brutal and offensive to human dignity"); _Abeyta By & Through Martinez v. Chama Valley Indep. Sch. Dist._, 77 F.3d 1253, 1254 (10th Cir. 1996) (although a teacher who called a minor a prostitute over a month-and-a-half period while classmates joined the taunting, engaged in "flagrant misconduct," it did not shock the conscience); _Sutherlin v. Indep. Sch. Dist. No. 40 of Nowata Cnty., Okla.,_ 960 F. Supp. 2d 1254, 1262 (N.D. Okla. 2013) (dismissing substantive due process claim on a motion to dismiss, holding that allegations that middle school student with learning disability became depressed and suicidal from "almost constant bullying" and "physical abuse" while school did nothing to limit the bullying and "itself engaged in bullying behavior" did not shock the conscience).

Given the facts alleged, Plaintiff's have failed to state a claim for substantive due process violation predicated upon the purported use of corporal punishment.

10

**E. Plaintiff's Claim for Breach of Fiduciary Duty Fails as a Matter of Law**

In Count VII, Plaintiff alleges that a "special relationship" existed between Defendant and K.B. and asserts a breach of fiduciary duty claim on that basis.  The claim should be dismissed as it has never been recognized by any Delaware court.

In Delaware, a claim for breach of fiduciary duty requires a plaintiff to prove: (1) the existence of a fiduciary relationship giving rise to fiduciary duties, and (2) an act or commission constituting a breach of such fiduciary duties.  *Beyers v. Bd. of Educ. of Capital Sch. Dist., 2011 Del. Super. LEXIS 1273, \*16-18 (Del. Super. 2011)*.   As explained in *Beyers*, a fiduciary relationship requires one party (the fiduciary) to act with the utmost care for another party (the beneficiary) within the scope of the relationship. *Id.*  Courts consider the following factors when determining if a fiduciary relationship exists: (1) one party places trust in the faithful integrity of another who thus gains superiority or influence, (2) one party assumes control and responsibility over another, (3) one party has a duty to act or give advice for matters within the relationship, (4) if there is a traditionally recognized fiduciary relationship such as lawyer-client or patient-doctor.

*Beyers* considered the specific issue as to whether a public school district could be sued by a student for breach of fiduciary duty, as the plaintiff requested the court recognize such a claim on the basis of a "special relationship" existing between a school and a student – precisely the argument underlying K.B.'s averments in this matter.  However, the *Byers* court declined to do so and dismissed the breach of fiduciary duty claim as Delaware law does not recognize a school district as owing fiduciary duties to its students, holding as follows:

> Plaintiffs acknowledge that there is no precedent to support the contention that school districts owe fiduciary duties to individual students. They ask the Court to recognize an expansion of the law. Schools certainly have a special relationship with students. Three of the four cited factors could support the finding of fiduciary duties. Student are placed into the care of schools, which exercise considerable authority over students over the course

11

of the school day. Schools plan curriculum, administer discipline, provide counseling, and even devise meal plans in order to help students learn and grow. The result is that students are placed in a vulnerable and even dependent position vis a vis schools. The situation is similar to that encountered in recognized fiduciary relationships, but there is a key difference. Recognized fiduciary relationships are highly particularized. A particular attorney or doctor owes fiduciary duties to his particular clients; he has a duty to advance his clients' particular interests. There is a personal dimension to fiduciary relationships. Here, Plaintiffs ask the Court to recognize a fiduciary relationship between organizational entities (school districts) and the thousands of students they serve. It is akin to the relationship of trust and vulnerability that any citizen has with the government. The relationship, although special, is impersonal. **Therefore, the Court will not take this opportunity to recognize a new category of fiduciary relationships under Delaware law without an express authorization by the Legislature.**

*Id.*, at *16-18.

Accordingly, K.B.'s claim for breach of fiduciary duty fails as a matter of law.

### F. Plaintiff S.B.'s Claim for Loss of Consortium Fails as a Matter of Law

In Count XI, Plaintiff S.B. alleges a claim for loss of K.B.'s consortium. No such claim exists as every Delaware court that has considered the viability of a parent's claim for loss of a child's consortium has rejected it outright.

In *Beck v. Claymont Sch. Dist.*, 1983 Del. Super. LEXIS 741, *2-3 (Del. Super. 1976), the question of whether a parent may recover for loss of a child's consortium was considered as a matter of first impression in Delaware. The *Beck* court noted that an "annotation on the subject indicates that general case law 'overwhelmingly' supports the view that such recovery is not a proper element of damages in a suit by a parent against a third-party tort-feasor," citing ANNOT. Parents Loss of Child's Society, 69 ALR3d 552 (1976)  It rejected the parent's loss of consortium claim as a matter of law, holding that no such claim exists under Delaware law, and that if any such claim were to be recognized, "such changes are to be made … through the

12

legislative process where competing policy considerations are resolved in a representative process, not by judicial determination on a case-by-case basis." *Id*.

Since *Beck*, numerous Delaware courts have continued to reject a parent's attempt to assert a loss of a child's consortium. In *Bostic v. Smyrna Sch. Dist.*, 2003 U.S. Dist. LEXIS 3458, *21-23 (D.Del. Feb. 24, 2003)*, this Court noted that "no basis in Delaware law is cited for the proposition advanced by [plaintiff] and this Court declines to establish a cause of action which apparently neither the legislature nor the courts of Delaware have seen fit to recognize." Similarly, in *Wheeler v. Drummond*, 1990 Del. Super. LEXIS 136, *4-5 (Del. Super. 1990)*, the court dismissed a loss of a child's consortium claim as a matter of law.  In doing so, it rejected the argument that *Beck* had somehow been eroded, and confirmed the "continued vitality of *Beck*," noting that the plaintiff's arguments otherwise were "not persuasive."  Hence, no such claim exists under Delaware law and S.B.'s claim should be dismissed.

V. **CONCLUSION**

For the foregoing reasons, Defendant Christina School District respectfully requests that this Honorable Court grant its Motion and dismiss Plaintiff's claims for Section 1983 Enforcement of the ADA (Count III); Section 1983 Enforcement of the Equal Protection Clause of the 14th Amendment (Count IV); Section 1983 Claim for Substantive Due Process Violation for Unlawful Use of Corporal Punishment (Count V); Breach of Fiduciary Duty (Count VII); and Loss of Consortium (Count XI) with prejudice.

**MARSHALL DENNEHEY, P.C.**


*/s/ Eric Scott Thompson*
Eric Scott Thompson, Esquire
(DE Bar ID 4633)
1 Righter Parkway, Suite 301
Wilmington, DE 19803
Telephone:  (302) 552-4035
Email:  esthompson@mdwcg.com
*Attorney for Defendant, Christina School District*

Maureen P. Fitzgerald, Esquire*
**MARSHALL DENNEHEY, P.C.**
620 Freedom Business Center Suite 405
King of Prussia, PA 19406
E:  mpfitzgerald@mdwcg.com
**Admitted Pro Hac Vice*

DATE:  June 15, 2026

14